270 So.2d 822

Othie Lee HENDERSON

v.

STATE.

4 Div. 179.

Court of Criminal Appeals of Alabama.

Dec. 19, 1972.

Donald F. Colquett, Opp, Allen Edward Cook, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction of grand larceny with the sentence imposed by the trial court of eighteen months' imprisonment in the penitentiary as punishment.

Briefly stated, the State's evidence tended to show that the appellant was a customer in the B. C. Moore store in Opp, Alabama, and that she was seen by two of the employees of the store, one of whom was the assistant manager, leave the store with certain merchandise partially concealed under her coat for which she had not paid and that she proceeded to her automobile that was parked nearby, got in the automobile and was apparently ready to leave the area as soon as the heavy traffic permitted her to drive in the main street nearby. The assistant manager of the store immediately went to the car where she was sitting while someone in the store notified the police. The appellant attempted to take a check book from her purse with which to apparently offer payment. Two salesladies verified that they observed the appellant through the front window lean down inside the car as though to push items under the seat of the vehicle.

An officer appeared on the scene shortly and took the appellant into custody. She was taken to the police station by Police Officer Lubert, accompanied by Mr. Kendrick, assistant manager. The appellant's automobile was left unattended on the street for approximately fifteen minutes.

Soon after arriving at the police station, another police officer, Mr. Turman, obtained the key to the automobile from her, returned to the car and searched it. He found certain items of merchandise later identified by the assistant manager as belonging to the store. The merchandise was concealed under the front seat of the car. The aggregate value of the merchandise was in excess of $25.00, as charged in the indictment.

The appellant did not testify but did offer numerous witnesses as to her good character in the community.

At the conclusion of the State's evidence, the appellant made a motion to exclude, which was overruled by the trial court, and later, after the verdict, filed a motion for a new trial which challenged the weight and sufficiency of the evidence, which was also overruled.

I

The appellant insists that the court was in error in allowing the introduction of the several items of merchandise found by Officer Turman in his search of the automobile and argues strenuously that the alleged consent given by the appellant to the officer was not shown to be voluntarily made and with knowledge of the right to refuse the request to search.

Officer Turman as a witness testified with regard to the search of the appellant's car as follows:

"A. I asked her if it was all right if I looked in her car.

"Q. What else was said?

"A. She said it was.

"Q. Did you say anything else to her at all?

"A. I don't recall anything else.

"Q. Did she say anything else at all?

"A. I don't think so.

"Q. Where were you when this took place?

"A. We were in the Police Department.

"Q. Was she in custody?

"A. She was.

"Q. They had brought her to the station from the store, the rest you know?

"A. Yes, sir.

"Q. Did you have a search warrant?

"A. We did not.

"Q. And she had already been arrested?

"A. Yes, sir.

"Q. So what you all did was after you asked her this you went back to the car, is that right?

"A. Went to the car, I hadn't been to the car previously.

"Q. So you weren't going to the car for the purpose of placing her under arrest?

"A. No sir.

"Q. She had already been arrested?

"A. Yes sir." [R. pp. 15–16]

 When the State relies upon consent to justify a search and seizure of evidence to incriminate, the consent must be given under circumstances to justify a waiver of known rights. This is not a matter that can be presumed, but the State had the burden of proving that the consent or waiver was given voluntarily without inducement or coercion and with knowl-

edge of the right to refuse the request to search. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Duncan v. State, 278 Ala. 145, 176 So.2d 840; Agee v. State, 45 Ala.App. 203, 228 So.2d 30. See also Shewey v. State, 48 Ala.App. 730, 267 So.2d 520.

■ Testimony was offered by the State outside of the presence of the jury on the question of consent to search. At the conclusion of the testimony offered by the State on this question, the attorney for the appellant requested permission of the court to examine the appellant in rebuttal to the State's testimony. The request was refused by the court and proper objection and exception taken by the appellant to this action. In this respect the court committed reversible error. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Duncan v. State, 278 Ala. 145, 165, 176 So.2d 840, 859; Moon v. State, 48 Ala.App. 127, 262 So.2d 615.

## II

In the oral charge to the jury the court charged on the presumption of innocence as follows:

"This Defendant entered into this trial clothed with a presumption of innocence, which attends her as a matter of law throughout the trial and until such time that presumption is overcome by competent, legal evidence, and she is proven guilty beyond a reasonable doubt."

■ While the above portion of the oral charge of the court does not state that the presumption of innocence is a matter of fact or evidence in the case, and therefore the jury should consider this as such, Gordon v. State, 268 Ala. 517, 110 So.2d 334; Guenther v. State, 282 Ala. 620, 213 So.2d 679; Davis v. State, 284 Ala. 135, 222 So. 2d 719, in light of the given charges in this cause, such was not prejudicially erroneous. Title 7, Section 273, Code of Ala-

bama 1940, Recompiled 1958; Murray v. State, 49 Ala.App. 590, 274 So.2d 365 (5th Div.)

■ Several requested written charges on reasonable doubt were refused by the court without error, their substance being covered by the oral charge of the court. The charges based upon the question of proof of good character were refused without error, having been covered by requested charges Nos. 10 and 12, which were given.

Charge No. 5 reads as follows:

"To warrant a conviction of the Defendant, the evidence must exclude to a moral certainty every reasonable hypothesis but that of her guilt; and no matter how strong the circumstances are, they do not come up to the full measure of proof which the law requires if they can be reconciled with the theory that the Defendant is innocent."

■ This charge was held proper in Wilson v. State, 243 Ala. 1, 8 So.2d 422. There was no error in refusing this charge in this case since such emphasized the law of circumstantial evidence and the proof here was direct as to the appellant's guilt. Duke v. State, 257 Ala. 339, 58 So.2d 764.

There was no error in refusing charge No. 4, which has been condemned on more than one occasion by the courts. No injury resulted to the appellant by the refusal of the remaining requested charges.

Charge No. 1, affirmative in nature, was properly refused.

We think the evidence adduced by the State established the charge of grand larceny, if believed under the required rule.

It follows the motion to exclude was properly refused. For error indicated heretofore, this cause must be reversed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary

Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.