34 So.2d 15

### DAVIS v. STATE.

#### 4 Div. 10.

Court of Appeals of Alabama.

Nov. 25, 1947.

Rehearing Denied Dec. 16, 1947.

E. C. Boswell and Mulkey & Mulkey, all of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

CARR, Judge.

We take a statement of the facts in this case from the brief of appellant's counsel:

"On August 7, 1945 the Grand Jury of Geneva County, Alabama returned an indictment against the Appellant, Henry Davis, charging him by Count One with the offense of grand larceny, in that he feloniously took and carried away a tractor tank of the value of $30.00, a tractor carburetor of the value of $18.00, four pistons of the value in the aggregate of $8.00, and four tank connecting rods of the value of $10.00, the personal property of Sherwood Bedsole, and by Count Two with the offense of buying, receiving, concealing or aiding in the concealing of the same property, knowing that said property was stolen and not having the intent to restore it to the owner.

"The Appellant was tried before a petit jury of Geneva County on January 7, 1947. After the cause had proceeded to the extent of the examination of the first witness, Sherwood Bedsole, the owner of the alleged stolen property, the State elected to move for a nolle prosequi as to the second count of the indictment. The Court granted this motion.

"The jury found the Defendant guilty of petit larceny and assessed a fine against him of $200.00, and the Court, in addition thereto, sentenced the defendant to perform hard labor for the State of Alabama for the use of Geneva County for a period of three months. The testimony adduced by the State came from the lips of only two witnesses, Sherwood Bedsole, the owner of the alleged stolen property, and his wife, Mrs. Sherwood Bedsole.

"It appears that Sherwood Bedsole owned a farm situated at a place removed from his home, and that his tractor in January 1945 and thereafter was located at or on this particular farm. Bedsole testified that he saw his tractor in January 1945 and that he did not again see it until April 28, 1945, at which time the tractor tank was missing. There was no evidence by Bedsole, or anyone, as to the date of the month that the tractor tank was removed from his tractor.

"Later, and in the early part of May 1945 Bedsole missed, according to his testimony, the carburetor and manifold from his tractor, and on May 11th he went over to his farm and he then missed the wheel. He testified that near to the tractor was what he thought, car tracks. In substance he testified that he tracked this car or truck from his farm down the Florala highway, which was a graded highway, to the Jackson's Still road, and from there to the home of the Appellant, Henry Davis, where he found hanging on the fence in front of the appellant's home and in close proximity to a public road a tractor tank, which he testified was his.

"Mrs. Bedsole corroborated the testimony of her husband to the extent of tracking the truck to the home of the Appellant and seeing the tank which she identified as the tractor tank belonging to her husband. Both Mr. and Mrs. Bedsole testified that Henry Davis, the Appellant, at first denied but later admitted that the tank belonged to the prosecuting witness, Bedsole.

"The Appellant strenuously denied that at the time Sherwood Bedsole and his wife came to his place on May 11, 1945, or at any other time, that he was in the possession of a tractor tank at his home, other than the tractor tank that was on his tractor. He denied the testimony of Sherwood Bedsole and his wife as to the statements alleged to

 

have been made by him on that occasion. In other words he denied that he was found in the possession of stolen property."

The only insistence in appellant's brief is that we should disturb the ruling of the trial judge in his action in denying the motion for a new trial, the urgency being that the verdict of the jury was contrary to the great weight of the evidence. When we have responded to this insistence, we will have treated all questions which in our view present meritorious value.

It appears to us that it would be a needless and unprofitable undertaking to indulge in an extended discussion. Whatever we might write would have to be woven around the familiar rules:

"The verdict of the jury and the judgment of the trial court import verity and should be solemnly regarded. The reviewing court should not capriciously disturb them, nor unless a valid, legal reason therefor is made to appear. Nor will the ruling of the trial court upon the motion for a new trial be overturned unless to allow the verdict to stand would be manifestly wrong and unjust." Wilson v. State, 30 Ala.App. 126, 3 So.2d 136, 139.

"On appeal, in reviewing the refusal of the motion for a new trial, the appellate courts will indulge every presumption in favor of the correctness of the ruling of the trial judge on the motion." Heath v. State, 30 Ala.App. 416, 7 So.2d 579, 580.

"The findings of a trial court are, on appeal, presumptively correct; and the burden is upon the appellant to show error. The verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown." Girardino v. Birmingham So. Ry. Co., 179 Ala. 420, 60 So. 871, 872.

"A new trial, on the ground that the verdict is contrary to the evidence, will not be granted where it affirmatively appears that the questions involved are for the determination of the jury, unless it is clearly apparent that the verdict is palpably wrong or unjust." Davis et al. v. State, 29 Ala.App. 421, 198 So. 153, 154. See also, 7 Ala.Dig., Criminal Law ☞935.

The delineation of the evidence hereinabove indicates clearly that the factual issues were in sharp dispute and in irreconcilable conflict. On the basis of the State's testimony, the jury had ample facts to charge guilt. We would do serious violence to the rule by which we are guided if we should disturb the ruling of the primary court in the matter of instant concern.

The judgment of the lower court is ordered affirmed.

Affirmed.