70 So.2d 654

## COLVIN v. STATE.

### 6 Div. 610.

Supreme Court of Alabama.

Feb. 25, 1954.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for petition.

Beddow & Jones and G. Ernest Jones, Jr., Birmingham, and Skidmore & Finnell, Tuscaloosa, opposed.

STAKELY, Justice.

The Court of Appeals reversed the judgment of conviction in the circuit court on two grounds. We shall first consider the opinion of the Court of Appeals in connection with the examination of the defendant's witness Bob Calhoun. It appears that Calhoun had come to the apartment shared by Colvin and the deceased about ten o'clock on the Sunday morning of the homicide. There he informed Colvin that the deceased had wrecked the U-Drive-It automobile and was lying under a nearby house. With some degree of reluctance at Calhoun's request, Colvin consented to go with Calhoun to try to get deceased away before the arrival of the police. During the cross-examination of Calhoun the state was allowed to show that just before Colvin left the apartment to go to the scene of the wrecked U-Drive-It, he put a gun in his pocket. This was the gun with which Colvin later shot the deceased.

On redirect examination of the witness Calhoun, Colvin undertook to show that at

the time he put the pistol in his pocket at his apartment, he made the statement that Veazey had looked for that pistol the night before and told him he would have killed him with it if he had found the pistol and he was putting the pistol in his pocket because if Veazey came in he might get it and kill him. On objection made by the State, the trial court would not allow proof of the alleged statement made by Colvin. The Court of Appeals acted correctly in holding that the trial court erred in sustaining objection to the testimony sought to be introduced by Colvin to explain his purpose in putting his pistol in his pocket.

 It should be remembered that Colvin is charged with a crime involving premeditation and deliberation and malice aforethought in the shooting of the deceased. Malice aforethought can be ascribed to the use of a deadly weapon. Caldwell v. State, 203 Ala. 412, 84 So. 272. It would indeed be an injustice to allow the State to prove that Colvin put the pistol in his pocket on the way to the scene of the wrecked automobile and not allow the accused to corroborate by the witness Calhoun his own statement that the purpose with which he placed the pistol in his pocket was self-protection. 22 C.J.S., Criminal Law, § 601, p. 925.

But it has been suggested that the State was allowed to prove conduct on the part of the accused and that he should not be allowed to show a statement made in connection with the conduct, because under the principle of completeness the one does not include the other. This is a mistake. "Under the res gestae or Verbal Act Doctrine, it is allowable to ascertain the complete significance of a person's conduct by listening to what he said when doing the act." Wigmore on Evidence, Vol. 7, § 2114. As pointed out by Wigmore, under the Verbal Act Doctrine the act as a whole consists of a conduct-part and a verbal-part and the verbal-part may be put in as completing the conduct-part. Alabama cases uphold the doctrine to which we refer. In Cooper v. State, 63 Ala. 80, it was said: " * * * 'In the complexity of human affairs, what is done, and what is said, are often so re-related, that neither can be detached without leaving the residue fragmentary and distorted. There may be fraud or falsehood, as to both; but there is no ground of objection to one, that does not exist equally as to the other. To reject the *verbal fact*, would, not unfrequently have the same effect as to strike out the controlling member of a sentence, or the controlling sentence from its context. * * *." United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; Campbell v. State, 133 Ala. 81, 31 So. 802. The utterance sought to be proved serves to give character to conduct not complete and definite in itself. Alabama City C. & A. R. Co. v. Heald, 178 Ala. 636, 59 So. 61. The act of the defendant in putting the pistol in his pocket under the circumstances in the case was not complete and definite in itself because such conduct admitted an inference either of a purpose to kill with criminal intent or of self-protection.

The Court of Appeals also reversed the trial court on the theory that under the doctrine of completeness when the State showed by Roy Jones, a Police Officer who arrived at the scene of the shooting a very few minutes after it occurred, that he took from Colvin's pocket a pistol, later introduced in evidence as the death weapon, it was competent for the defendant to show what Colvin said at the time he delivered the possession of the pistol to the officer.

 Based on the opinion of the Court of Appeals, we think that the trial court correctly excluded the testimony which was offered, because it was after the shooting, was no more than a narrative of past events and under the circumstances constituted no more than an effort on the part of the accused to make evidence for himself. Cooper v. State, supra.

The judgment of the Court of Appeals is affirmed.

Affirmed.

All the Justices concur, except CLAYTON, J., not sitting