102 So.2d 911

James Ludwig **COLVIN**

v.

**STATE.**

6 Div. 330.

Court of Appeals of Alabama.

Sept. 20, 1957.

Rehearing Denied Jan. 21, 1958.

`Beddow, Gwin & Embry, Birmingham, E. W. Skidmore and John W. Finnell, Tuscaloosa, and J. O. Sentell, Jr., Montgomery, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of murder in the second degree. His punishment was fixed at ten years in the penitentiary.

This is the second appeal in this case. Colvin v. State, 37 Ala.App. 268, 70 So.2d 650, certiorari denied 260 Ala. 338, 70 So.2d 654. The facts and circumstances surrounding the killing are fully set out in the opinion by Judge Harwood on the first appeal, and are adopted as the facts of this case.

The only point stressed in brief as a reason for reversal is the overruling of the motion for a new trial based on the ground the verdict is contrary to the evidence.

Counsel insists that the evidence affords no basis for the presumption of malice from the use of the pistol by defendant; and, since malice is an essential ingredient of murder in the second degree, the conviction for that offense cannot be allowed to stand.

In Cooley v. State, 233 Ala. 407, 171 So. 725, 727, the court said:

"But it is well settled that, when one kills another by the intentional use of a deadly weapon, malice, design, and motive may be inferred without more, and are presumed, unless the evidence which proves the killing rebuts the presumption, and casts on defendant the burden of rebutting it, and to show self-defense or other justification if he can. * * *"

As authority for his contention that the circumstances of the killing disprove malice, appellant cites and relies on McDowell v. State, 238 Ala. 482, 191 So. 894; Smith v. State, 31 Ala.App. 12, 11 So.2d 466; Simpson v. State, 31 Ala.App. 150, 13 So.2d 437; and he insists in brief that while the evidence here does not show an actual assault on defendant, as was the case in McDowell v. State and Smith v. State, supra, that it does show "the deceased had assaulted the mind, nerves and emotions of the appellant over a period of approximately nine hours by threats and harassment and appeared to be in the act of consummating his threat to·kill Colvin the next time he saw him."

Defendant admits a killing by the intentional use of a deadly weapon. The evidence tending to show mitigation, justification or excuse for the act presented questions for the determination of the jury.

"A motion for a new trial on the grounds that, 'the verdict of the jury was contrary to the evidence,' will not be granted where it affirmatively appears that the questions involved are for the determination of the jury, unless it is clearly apparent that the verdict is palpably wrong or unjust." Smith v. State, 23 Ala.App. 488, 128 So. 358, 359, certiorari denied 221 Ala. 217, 128 So. 359. See also Davis v. State,

29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Davis v. State, 33 Ala.App. 299, 34 So.2d 15; Fort v. State, 37 Ala.App. 91, 64 So.2d 604, certiorari denied 258 Ala. 637, 64 So.2d 606.

We are of the opinion the evidence was sufficient to sustain the verdict and that the court did not err in overruling the motion for a new trial.

Affirmed.

## On Rehearing

PRICE, Judge.

It is earnestly insisted that the great weight of the evidence establishes each of the essential elements of self defense and is against the existence of malice in the case, and that we have overlooked the appellant's main contention, which is that the motion for a new trial should have been granted on the ground that the verdict was contrary to the great weight of the evidence.

It is, of course, the law that where the great weight of evidence is against the verdict and so decided that the court is convinced that the verdict is wrong and unjust, a new trial should be granted. Roan v. State, 225 Ala. 428, 143 So. 454.

But, as was said in Peterson v. State, 227 Ala. 361, 150 So. 156, 162, "No ground for new trial is more carefully scrutinized or more rigidly limited than this, and the presumption in favor of the correctness of the verdict is strengthened when the presiding judge, who saw and heard the witnesses, declines to grant the new trial upon this ground."

Applying these principles we are unable to say that the verdict was so contrary to the great weight of the evidence as to put the trial court in error for refusing to grant the motion for a new trial.

Application overruled.