275 So.2d 709

**Wesley ROBERTS**

v.

**STATE.**

**1 Div. 329.**

Court of Criminal Appeals of Alabama.

April 3, 1973.

C. LeNoir Thompson, Bay Minette, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COGGIN, Circuit Judge.

The Baldwin County Grand Jury returned an indictment during its April Session, 1972, against Wesley Roberts for assault with intent to murder. Trial was held on May 16, 1972, after which a duly impaneled jury returned a verdict of guilty for assault with intent to murder. The Court fixed Roberts' punishment at six years in the State penitentiary.

I

Mr. George Catrett was working as a floor bouncer for the North Baldwin Social and Civic Club in Baldwin County, Alabama, on February 5, 1972.

At approximately 8:00 o'clock that evening, a fight started between some of the patrons of the Social Club.

Mr. Catrett intervened to stop the fight. As he was escorting the brawlers out of the club, appellant, Roberts, approached Catrett from the rear and without any warning stabbed him in the back twice with a knife. Catrett testified that he did not see Roberts come up behind him and did not see who put the knife in him the

first time, but he testified that he saw Roberts when he put the knife in him the second time.

Dr. George Halliday, a witness for the State, testified that Catrett had lacerations on his right back and that the depth of the wounds were from one-half to three-quarters of an inch and that the length of the wounds were eight or nine inches. The doctor testified that Catrett stayed in the hospital for five days. In response to the question seeking the doctor's professional opinion as to whether this type wound would be calculated to produce death, the doctor stated that this particular type wound would not; if it were the same depth in other areas, it could, and could have punctured a kidney and been more serious, but it did not enter the kidney, however.

Kenneth Hale, witness for the State, testified that he saw the cutting, and that he saw Roberts' knife, and that the blade of the knife was about four inches long.

## II

■ The first claim of error is that the sentence is excessive. The sentence of six years falls within the limits as allowed, and there is no merit to this claim of error. Title 14, Section 38, Code of Alabama 1940.

## III

■ The appellant claims the court erred in refusing to give requested written charge number fourteen, which charge stated, "The presumption of innocence attends the accused as a matter of evidence, and is sufficient in itself to authorize acquittal of defendant, and, to displace this presumption of innocence, the state is required to offer evidence that convinces you beyond all reasonable doubt as to the guilt of the defendant." The court in its oral charge to the jury charged them as follows: "The defendant in this case, as in all other criminal cases under our Constitu-

tion and laws, is presumed to be innocent; the law says that every citizen of Alabama and of the United States is presumed to be innocent of any criminal—of any crime until such time as the state has, by competent evidence, convinced each individual juror, and the twelve jurors as a group, beyond all reasonable doubt and to a moral certainty of the defendant's guilt, and until that point is reached that presumption of innocence which the Constitution clothes each citizen with, would entitle a defendant to a verdict of not guilty at your hands without any effort on his part; under our system of law you are not required to prove yourself innocent." The oral charge of the court adequately covers the requested written charge. Title 7, Section 273, Code of Alabama 1940; Henderson v. State, 49 Ala.App. 275, 270 So.2d 822; Murray v. State, 49 Ala.App. 590, 274 So.2d 365 (5 Div. 76), 1972.

## IV

■ The court gave the following requested written charge: "The facts must raise a presumption of intent to murder; and if the jury finds that the state has failed in this, then they must acquit the defendant of an assault with intent to murder." The appellant argues that the verdict of the jury was such that they failed to follow the law as outlined by the court in this written charge. This argument is without merit as it is clear that the jury by their verdict found an intent to murder.

## V

■ The appellant further argues that the verdict of the jury is contrary to the law in that the trial judge orally charged the jury as to the lesser included offenses of assault with a weapon and an assault and battery. This argument is without merit as the jury, under the court's instructions, was free to find the defendant guilty of either an assault with intent to murder, as charged in the indictment, or the lesser included offenses of assault with

a weapon or an assault and battery. Title 7, Section 273, Code of Alabama 1940.

### VI

 Appellant raises several claims of error by arguing that the jury verdict is contrary to the evidence in certain particulars. Appellant claims that the jury verdict is contrary to the evidence in that Dr. Halliday stated in his professional opinion that this particular type wound would not be calculated to produce death, and therefore the jury verdict is contrary to the evidence. Dr. Halliday testified that this particular type wound would not be calculated to produce death, but that if the wound were the same depth in other areas, it could produce death. The State's evidence clearly shows that the appellant approached the victim from the rear and stabbed him twice in the back with a knife which was approximately four inches long. In an assault with intent to murder prosecution, proof of the mens rea must show both the intent to kill the victim and malice. Both intent and malice can be inferred from the same act of using a deadly weapon. Under Title 14, Section 36, Code of Alabama 1940, a knife is a dangerous and deadly weapon. The jury verdict is supported by the evidence. Hodges v. State, 48 Ala. App. 217, 263 So.2d 518, and authorities therein cited.

The appellant further claims that the verdict of the jury is not supported by the evidence in that the doctor testified that the wounds in his opinion started at the back and came forward. Appellant argues that this testimony amounts to saying that the wounds were made by a person in front of the injured party. There was ample evidence before the jury for it to find that the wounds were dealt upon Catrett by Roberts as Roberts approached Catrett from the rear.

### VII

We have carefully considered the entire record, as we are required to do under Title 15, Section 389, Code of Alabama 1940,

and from this examination we conclude that there is no error therein.

The foregoing was prepared by Honorable Tom Brindley Coggin, Circuit Judge, temporarily on duty on the Court, pursuant to Title 13, Subsection (4) of Section 38, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own. The judgment below is hereby

Affirmed.

All the Judges concur.