282 So.2d 92

Willie **TOLLIVER**

v.

**STATE.**

**3 Div. 219.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Charles Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and John D. Whetstone, Asst. Atty. Gen., for the State.

TYSON, Judge.

Willie Tolliver was indicted for assault with intent to murder. The Jury's verdict was guilty as charged, and the court set sentence at seven years in the State penitentiary.

The evidence for the appellant tends to show that on August 25, 1972, sometime around 5:00 p. m., the appellant went to a neighbor's house, John Dumas, where a group of six or seven men had congregated. The men were drinking beer, and Tolliver asked Dumas if it would be all right if he drank gin, which he had brought in with him. Dumas told Tolliver that it would be all right, and Dumas went into the kitchen to get a glass for Tolliver. Tolliver set the gin bottle down on a coffee table. Tolliver testified that he had not been drinking at any time during the day, nor did he drink at Dumas' house.

Tolliver testified that he became engaged in a conversation, and at one point turned to see that Robert Gilbert, who also lived in the neighborhood, was holding the gin bottle. Tolliver asked Gilbert to put the bottle down, but he refused, cursed Tolliver, then slapped him. As Gilbert was walking out the door, Tolliver called out to bring his bottle back.

Tolliver waited for Gilbert to return to Dumas' house with the bottle, but when he did not, Tolliver went to Gilbert's house. Gilbert's wife allowed Tolliver to come into the house. Once inside, Tolliver and Gilbert argued over the bottle. Gilbert slapped Tolliver, told him to get out of his house and pushed appellant outside. Tolliver stated that as he was being driven outside, Gilbert stabbed him in the leg with a pocketknife. Both men fell to the ground. As they struggled to get up, Tolliver took the knife from Gilbert and stabbed him three times, once in the side, in the arm, and in the hand.

Gilbert, with the aid of his wife, went inside his house. Tolliver stated that while he was looking for his shoes, which he had lost during the affray in the yard, someone yelled, "Don't shoot," and Tolliver looked up to see Gilbert standing at the door with a shotgun in his hands. Tolliver ran from the yard.

The evidence for the State tends to show that Dumas did not see who took the gin bottle from the coffee table, but when he came out of the kitchen, the bottle was gone and Tolliver was still there.

Robert Lee Gilbert contradicted Tolliver's testimony in that Gilbert stated that he had not been at Dumas' house on the occasion in question. He testified that when Tolliver came to see him, he was playing in the yard with the children and that this was the first time he had seen Tolliver on this day. According to Gilbert's testimony, the appellant told Gilbert to "Give me my whiskey," to which Gilbert replied, "Man, I don't have none of your whiskey." Gilbert shoved Tolliver down on the ground and told him to leave the premises. Tolliver got up and began stabbing Gilbert. Gilbert never saw the knife.

Juanita Hanlton, an eyewitness, testified that prior to the stabbing, both Gilbert and Tolliver were walking together through an alley near Gilbert's house, and were arguing over the gin bottle. When they reached the yard, Gilbert shoved Tolliver down on the ground. The witness testified that Tolliver pulled a butcher knife from his back pocket, began stabbing Gilbert, and told Gilbert, "I'll kill you." The witness stated she could not remember in which hand the appellant brandished the knife. It was dark, but the evidence shows that the yard was illuminated by a porch light. The witness said that after Gilbert had gone inside his house, Tolliver went to the door and threatened to kill Gilbert's wife. The witness testified that as Tolliver left, he was "walking pretty fast" but not running.

Officer Matthews, who investigated the incident, testified that the knife wound in Gilbert's side was approximately eight inches long and quite deep. The knife was never found. Gilbert was under intensive care in the hospital for four days, and was released after ten days.

## I

■ The appellant contends that the sentence is excessive.

Title 14, Section 38, Code of Alabama 1940, commands that anyone found guilty of assault with intent to murder shall be punished by imprisonment for not less than two years nor more than twenty years in the State penitentiary. The sentence of seven years is within the prescribed limits; thus there is no merit to this claim of error.

## II

The appellant next claims that the verdict of the jury was contrary to the evidence in that it was palpably wrong and unjust. This same argument was made to the trial court as a ground in the motion for new trial. The motion was denied.

Appellant does not deny that he stabbed Robert Gilbert. Rather, the appellant's argument is premised on the belief that he did not have the malice or the intent to kill Gilbert, and that the stabbing was done in defense of his own life.

**656** ■

■ In an assault with intent to murder, punishable under Title 14, Section 38, Code of Alabama 1940, the word "murder" has the same meaning as at common law and both malice and intent must be shown. Both can be shown by inference from the act of using a deadly weapon in such a manner, time, and location, fatally wounding someone. Douglas v. State, 42 Ala. App. 314, 163 So.2d 477, reversed on other grounds, 380 U.S. 415, 85 S.Ct. 1074, 13 L. Ed.2d 934.

Under Title 14, Section 36, Code of Alabama 1940, a knife is classed as a deadly and dangerous weapon.

As can be seen from reading the testimony, the facts surrounding the assault are in conflict. The appellant testified as to circumstances which would indicate self-defense.

The two witnesses for the State, one of whom was the victim, testified that the victim was unarmed and had not attacked the appellant.

The jury was instructed by the trial court as to the law on self-defense. If the jury had believed the appellant's testimony, it could have reached a verdict for him.

■ The reconciliation of conflicting testimony is a jury function. Roberts v. State, 49 Ala.App. 729, 275 So.2d 709. In the present case, the jury interpreted the testimony presented by both sides and pronounced a verdict of guilty as charged.

■ Furthermore, there is a presumption in favor of the correctness of a jury's verdict, and when the trial judge, who heard the witnesses' testimony and observed their demeanor, declines to grant a new trial, that verdict is strengthened on appeal. Peterson v. State, 227 Ala. 361, 150 So. 156.

This verdict was not so contrary to the great weight of the evidence as to place the trial court in error for refusing to grant the motion for new trial. Colvin v.

State, 39 Ala.App. 355, 102 So.2d 911, cert. den. 267 Ala. 694, 102 So.2d 913, and cases therein cited.

■ We are of the opinion that it was within the jury's province to ascertain the true facts from the sometimes conflicting evidence. We have considered that evidence and believe such to be sufficient to sustain the verdict, and also to uphold the presiding judge in denying the motion for a new trial.

We have carefully reviewed this record, as required by Title 15, Section 389, Code of Alabama 1940, and find same to be free from error. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.