283 So.2d 630

**M. L. BRASWELL**

v.

**STATE.**

**4 Div. 213.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Smith & Smith, Dothan, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and George R. Stuart, Sp. Asst. Atty. Gen., Birmingham, for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant prosecutes this appeal from a judgment of the Circuit Court of Houston County adjudging him guilty of grand larceny and sentencing him to imprisonment for a term of five years. The judgment was duly rendered and the sentence imposed by the court after a jury had found defendant, appellant herein, guilty of the crime as charged in an indictment, to which his plea of not guilty had been entered on arraignment.

Appellant's insistence on a reversal is based on the contention that "there was inadequate evidence to sustain a conviction of grand larceny."

Roe Allen testified that while he was "going up the street . . . . two boys . . . . went up behind me and jerked my billfold out of my hip pocket." He said the billfold contained two twenty-dollar bills, "one 10 and three or four 1's." He did not know either of the boys. One of them hit him and ran, and afterwards the other ran and "caught him." · At the time of his testimony, Mr. Allen was unable to identify either of the "two boys,"

although the defendant at the time was sitting inside the bar of the court.

Shelby Strickland testified that on June 16, 1972, he and his wife were traveling in a truck along Foster Street in Dothan, Alabama, and that he saw defendant, M. L. Braswell, and Byron Riddle (who was jointly indicted but not tried with defendant) walking up the street. He said he saw them go into Roe Allen's back pocket and take his billfold, and that the "old man" (Roe Allen) tried to catch them and fell; defendant continued on Foster Street to the corner and turned toward the Coca-Cola plant on Burdeshaw Street; Riddle came up to the truck of Strickland and said, "That fellow yonder got his billfold." Strickland replied, "You was in on it too. I saw both of you." Then, the witness testified, Riddle left, "taking on out behind" Brasswell. Mrs. Strickland testified that her attention was called to the incident when her husband said, "They have jumped that man"; that Mr. Allen was trying to catch up with defendant and Riddle and fell on the sidewalk; that Mr. Riddle came up beside the truck and told her that that man (referring to Braswell) had the billfold; that her husband "hollered for M. L. to bring his billfold back" and then went into "Cumberland Capital and called the police."

Detective W. R. West of the Dothan Police Department testified that he found a billfold the same day in the shrubbery by an apartment house on the corner of Burdeshaw and Foster; the billfold contained a Medicaid card and two medical cards. Roe Allen's name was on the cards, and Detective West returned the billfold to Mr. Allen.

The testimony of defendant and Byron Riddle, one of defendant's witnesses, was to the effect that they noted that apparently Roe Allen, whom neither knew at the time, was undergoing, or had just undergone, some traumatic experience, and they discussed his condition. At first Mr. Allen was leaning against a utility pole, or some other upright, and was "hollering". After-

wards, according to Riddle, Allen was lying on the sidewalk. Riddle positively denied that either he or defendant took or touched a billfold on or about Allen. He testified that neither of them touched Allen. Defendant testified positively that he took nothing from Allen and that he did not touch him. He said he could tell that "there was something or another wrong with the man" and that he "didn't want to have anything to do with it, ever what he was hollering and carrying on about." According to Riddle, Allen had excreted profusely in his clothing. Riddle and defendant testified that they soon left the scene, but not in flight. Defendant said they went to a few places together, left Dothan for about two hours, returned together to Dothan, and soon thereafter they were arrested.

 The testimony of Mr. Strickland, coupled with that of Mr. Allen and Detective West, furnished strong evidence of the existence of all of the essential elements of grand larceny and of defendant's guilt. It is not for us to weigh it against the positive testimony to the contrary of defendant and Byron Riddle. The weight of evidence, the credibility of witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Byrd v. State, 213 Ala. 333, 104 So. 830.

Our search of the record reveals no error prejudicial to appellant, and we conclude that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

All Judges concur.