The Circuit Court of Montgomery County has, pursuant to our order of remand, conducted a full hearing into the question as to why the appellant did not obtain a complete review of his conviction by way of original appeal. Following the hearing the Circuit Court entered an order directing the complete original transcript of the trial be *Page 941 
made up and sent this Court as a part of its return. We are of the opinion that this is correct.
The trial took place on November 19, 1975, at which time Alfred McGhee and Alton Abrams described a difficulty with the appellant, which took place on May 26, 1975. These two witnesses related that they were at the Alabama State University Campus on the afternoon in question and were attempting to back up their automobile when they bumped the fender of the automobile in which the appellant, Joseph Baldwin, was a passenger. Words were exchanged, and then McGhee and Abrams left the campus. Later they were at the Lanier Court Apartments when Alfred McGhee was approached by the appellant, who had a pistol in his hand. McGhee related that as he was attempting to stand, the appellant shot him in the fleshy part of his thigh, which occasioned his being taken to St. Margaret's Hospital, where he remained for one week. McGhee related that he had been playing football at Alabama State, and had been given a try-out with the Dallas Cowboys.
Alton Abrams corroborated the evidence described by Alfred McGhee. He stated that the third party in their automobile was one Robert Griffin. Abrams stated that they did not curse the appellant, that the appellant and his companion had cursed them at the Alabama State University Campus.
L.O. Perdue testified that he was employed by the Montgomery Police Department and investigated a shooting which took place at the Lanier Court Apartments on May 26, 1975. Upon arrival he found that Alfred McGhee had been shot in the thigh with a pistol, and that McGhee had been taken to St. Margaret's Hospital. He stated that he subsequently talked with McGhee about a week later at the hospital, that McGhee identified the appellant, Joseph Baldwin, as the party who shot him, and that McGhee subsequently came by police headquarters and signed a warrant.
Lt. Perdue stated that he, after giving the appellant a fullMiranda warning, and without any threats, intimidation, coercion, or inducement, talked with the appellant at police headquarters following his arrest. He advised the appellant that he was charged with assault with intent to murder, and the appellant admitted that he had shot McGhee in the thigh. He said the appellant could give no reason for doing so, and stated that he had left the Lanier Court Apartments on the afternoon in question and had thrown the 380 automatic pistol away. Mr. Perdue stated that he attempted to recover the pistol, but had been unable to do so.
The appellant made a motion to exclude the State's evidence and also asked for the affirmative charge, both of which were denied.
Joseph Baldwin testified that he was working in the construction business for his uncle on May 26, 1975. He stated that he and two companions were sitting in an automobile on the Alabama State Campus when the car in which Alfred McGhee, Alton Abrams, and Robert Griffin were riding backed into their car. He stated that the men began cursing them and talking aggressively to them. He stated that they were larger than he, and that they threatened him.
Baldwin testified that later that afternoon he and his two companions, Edward Graham and James Lawrence, were at the Lanier Court Apartments. He stated that he saw Alfred McGhee sitting on the sidewalk talking with someone. He stated that he approached Alfred McGhee, that he, Baldwin, was carrying a pistol because McGhee and his companions had threatened him earlier that day. He stated that as he approached McGhee, he attempted to get up, that he bumped the pistol, which went off, and that was the only shot fired. He stated that he then fled, and was not sure that McGhee had been injured until several days later when someone told him that McGhee had been taken to the hospital.
 I
The appellant contends that his motion to exclude should have been granted as the State did not present a prima facie case. *Page 942 
Intent to take life may be shown by inference, via the character of the assault, the use of a deadly weapon, and other attendant circumstances. Tolliver v. State, 50 Ala. App. 654,282 So.2d 92; Roberts v. State, 49 Ala. App. 729, 275 So.2d 709.
The appellant does not dispute the fact that he shot McGhee, but contends that due to the nature of the attendant circumstances there was no assault with a deadly weapon.
The jury may give to this evidence, as with all evidence, such emphasis and weight as they alone think proper in arriving at their verdict. Willcutt v. State, 284 Ala. 547,226 So.2d 328; Braswell v. State, 51 Ala. App. 179, 283 So.2d 630.
After considering all of the factors herein set forth, we conclude that the verdict of the jury was not patently against the weight of the evidence, thus, there was no error in denying appellant's motion to exclude, or his request for the affirmative charge. Johnson v. State, 51 Ala. App. 172,283 So.2d 624; Gilmore v. State, Ala.Cr.App., 339 So.2d 116, cert. denied, Ala., 339 So.2d 121.
 II
The trial court gave an extensive oral charge, to which there was no exception, and in addition gave seven of the appellant's written requested charges. The remaining charges were either affirmative in nature, argumentative, or attempting to emphasize unduly certain aspects of the evidence, hence, such were properly refused. Title 7, Section 273, Code of Alabama 1940.
 III
We are of the opinion that due to the fact that appointed counsel did not get notice that he was to handle the appeal from appellant's original trial and conviction, as retained counsel had represented appellant at trial, the trial court here correctly determined that the original transcript should be sent this Court and considered now. The trial court determined that the appellant was an indigent and required the assistance of counsel on appeal. Ellison v. State, 55 Ala. App. 50, 312 So.2d 632, and authorities cited therein.
We have carefully reviewed the entire transcript, including the original trial proceedings, and find this record to be free from error. The judgment of the trial court is due to be and the same is hereby
AFFIRMED.
All the Judges concur.