TYSON, Presiding Judge.
Appellant was indicted for the unlawful assault with intent to murder Clifford A. St. John, Sr., “by shooting him with a .22 rifle.” Following a jury trial Appellant was found “guilty as charged,” and the trial court entered judgment, setting sentence at twenty years imprisonment in the penitentiary.
Clifford A. St. John, Sr., stated that he was a resident of 110 Broadway Street in Chisholm, Montgomery County, Alabama, on November 21, 1975. Mr. St. John indicated that he was working in his backyard on a pickup truck which was parked near one of the garages in the rear of his home when he heard a report of a rifle which sounded like a .22 rifle. He felt a pain in the breast area, then saw blood running down his clothing and passed out. When he came to he crawled fifty to seventy-five feet to the back door of his home and telephoned his daughter-in-law, who lived next door. She came right over, telephoned her husband, and they together took him to *214 Jackson’s Hospital in Montgomery. Mr. St. John said that he noticed that his wallet containing $41.00 was missing. He stated that later his wallet was returned to him by a Montgomery detective, and that he had not given anyone his permission to remove it from his possession.
Mr. St. John testified that the bullet was a .22 caliber and that it entered under his right shoulder blade and came out his chest. He stated that he did not know Willie Morris Smith and that he had never seen him.
„ Montgomery Detective R. E. Fisher testified he answered the call to come to 110 Broadway Street in Chisholm, on November 21, 1975. He stated that Mr. St. John had been taken to the hospital, and that he talked with his daughter-in-law. He stated that he went to the rear of the residence and noticed some drag marks and his hat and cane lying approximately thirty or thirty-three feet from the back door and that he traced his footsteps back to the truck which was approximately 133 feet from the back door. There he found blood spatters and blood smears on the passenger side of the truck. He stated that Detectives Alford, Williams, Wood, and Coker also assisted in the investigation.
Dorothy A. St. John testified that she was the daughter-in-law of Clifford A. St. John, Sr., and lived next door at 106 Broadway Street on November 21, 1975. In response to a telephone call from her father-in-law, she went next door to his home and found him lying half in and half out of the back door. She stated that she called an ambulance, then called her husband, and they took Mr. St. John to Jackson’s Hospital.
Detective E. B. Alford testified that in response to a call he went to 110 Broadway Street in Chisholm on November 21, 1975. Mr. St. John had already been taken to the hospital, but he searched the premises, looking for Mr. St. John’s wallet. He said that he was also looking for other items of evidence, and that he began walking along the railroad track behind the premises. He testified that he found a spent .22 caliber cartridge by a pecan tree and noticed a place on the tree where the bark had been rubbed off about shoulder high which appeared to be a fresh mark. He stated that he turned the spent hull over to the State Toxicologist.
On cross-examination Detective Alford testified that they found tracks near the spot where the hull was found and that they appeared to be made by a type of tennis shoes with cleat marks, that the imprints were about twenty-four feet from the railroad track. He indicated that the spent cartridge had “Super-X” on it. He stated that the casing was found approximately four feet from the bottom of the pecan tree, that he placed it in an envelope, initialed it, and delivered it to the State Toxicologist.
Clifford A. St. John, Jr., testified that he resided at 106 Broadway Street in Chisholm on November 21, 1975. He stated that in response to a telephone call from his wife he went to his father’s home and assisted the ambulance driver and attendant in putting his father in the ambulance. He stated that his father was then taken to Jackson’s Hospital. On the following morning, November 22, Mr. St. John and his uncle began walking along the railroad track in the rear of his father’s home. Approximately 300 feet from the rear of the residence he noticed a rifle and telephoned the Montgomery police. A short distance beyond he found his father’s wallet and noticed that some papers were scattered along the railroad track. Mr. St. John stated that he took some Montgomery officers to the scene where he saw the papers.
Montgomery Detective Sidney Williams testified that in response to a telephone call from Mr. Clifford St. John, Jr., he went to the rear of the residence at 110 Broadway Street in Chisholm and walked with him along the railroad track where approximately 100 yards from the home he saw a rifle in a ditch in some weeds. He testified that it was a .22 caliber automatic rifle made by Savage Arms, Inc., that he carried this rifle with a stick through the trigger housing, placed it in his car trunk, then *215 carried it in the same manner to the State Toxicologist.
Detective Williams also testified that he found a brown billfold containing some papers, a driver’s license and some credit cards, and that he found other papers, such as identification cards, along the railroad track near the spot where the rifle was found. He testified that the wallet and cards were also delivered to State Toxicologist Charles Smith.
Charles W. Smith testified that on November 21, 1975, he was employed by the Alabama Department of Toxicology and Criminal Investigation in Montgomery. He stated that he knew both Montgomery Officers Don Terry and Sidney Williams and that he received certain items of evidence from them on November 22,1975. He stated that Exhibit 1 was a .22 caliber rifle; Exhibit 2 was a billfold and some papers, including an I.D. card; and Exhibit 3 was a spent .22 cartridge case. He stated that he test fired the rifle and examined the hull to attempt to determine similarities or dissimilarities with the spent hull. He testified that he could not be positive that the shell casing was the one which had been fired from the rifle in question.
On cross-examination Mr. Smith indicated that he had considerable experience in examining .22 caliber rifles, and the rifle in question was a rim fire weapon. This meant that the firing pin struck the rim of the cartridge as opposed to striking a primer cap. He stated that he endeavored to take fingerprints from the rifle, but that they were of poor quality. He indicated that it was very likely that the cartridge in question had been fired from the rifle as it “was fired from a similar type weapon.”
John Preston Goldman, Sr., testified he lived at 458 Shannon Hill in East Montgomery on November 18, 1975. He testified that he kept a .22 caliber weapon at his home. He testified that this rifle had been loaned to him by his father-in-law as protection for his family. He examined State’s Exhibit 1 and testified that this was the same rifle, that he had" not given anyone permission to take this rifle from his home, and that it had been missing since November 18, and he had notified the Montgomery Police Department, that he next saw the rifle at Police Headquarters.
Harvey Baniels testified that he was an A.B.C. Board Warehouse employee. He testified that shortly before Christmas, 1975, he went to the home of the appellant, Willie Morris Smith, and purchased a .22 pump rifle and a stereo set. He also testified that he was interested in purchasing another rifle and examined another .22, and in his opinion, State’s Exhibit 1 was the same weapon that he had seen at the appel-' lant’s home.
Charles Cotton testified he lived on Hol-combe Street in Montgomery. He testified that he was present at the home of Willie Morris Smith when Harvey Baniels purchased a .22 pump rifle and stereo set from the appellant. He said that the appellant had another .22 rifle at his home on this occasion, but he could not identify the weapon.
Stella Mae Ford testified that she lived at 455 Holcombe Street with Charles Cotton in November, 1975. She testified that she was at home when Harvey Baniels came over to talk with Willie Morris Smith, the appellant, about purchasing a rifle. She stated that this was on November 19, 1975. She testified that Charles Cotton was also there, and that the appellant told her that he was going out the next morning and “shoot a White Mother Fucker.” She stated that the appellant returned later that morning and told her that he had “shot a white mother fucker near the bridge” that day.
Montgomery Police Detective George W. Leak testified that he took a statement from the appellant, Willie Morris Smith, after first advising him of his Miranda rights and without any threats, intimidation, coercion, or inducement of any kind, and after talking with him only briefly at Police Headquarters, the appellant signed a statement about 8:00 on the evening of December 8, 1975, that he and Charles Cotton had taken a .22 caliber rifle from a residence at 456 Shannon Hill in East Montgomery in November, 1975. Smith stated *216 that he got into an automobile and drove with the officer to this address. Smith looked at the photograph of the residence and said, “Yes,” that was the place where he and Charles Cotton obtained the rifle.
The appellant made a motion to exclude the State’s evidence, which was overruled. The appellant presented no evidence at trial.
I
The appellant offered no testimony to dispute the fact that he shot Mr. St. John, Sr., but contends that his motion to exclude should have been granted as the State did not present a prima facie case.
Intent to take life may be shown by inference, via the character of the assault, the use of a deadly weapon, and other attendant circumstances. Tolliver v. State, 50 Ala.App. 654, 282 So.2d 92; Roberts v. State, 49 Ala.App. 729, 275 So.2d 709.
The jury may give to this evidence, as with all evidence, such emphasis and weight as they alone think proper in arriving at their verdict. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Braswell v. State, 51 Ala.App. 179, 283 So.2d 630.
After considering all of the factors herein set forth, we conclude that the verdict of the jury was not patently against the weight of the evidence, thus, there was no error in denying appellant’s motion to exclude, or his request for the affirmative charge. Johnson v. State, 51 Ala.App. 172, 283 So.2d 624; Gilmore v. State, Ala.Cr.App., 339 So.2d 116, cert. denied Ala., 339 So.2d 121; Baldwin v. State, Ala.Cr.App., 1977, 342 So.2d 940.
II
The appellant contends that the trial court erred in the admission of the testimony relating to the burglary of the home at 458 Shannon Hill. This was admitted over objection, motion and exception of the appellant by the trial court to prove the identity of the “gun in question.”
The exceptions relating to the admission of the evidence at one trial of other distinct criminal acts is admissible to establish intent or bearing upon the identity of the accused and the weapon used. These exceptions are discussed in unanimous opinions written for this Court by Judge Harris in Lambert v. State, 48 Ala.App. 600, 266 So.2d 812; Murphy v. State, 52 Ala.App. 490, 294 So.2d 457, cert. denied 292 Ala. 743, 294 So.2d 462; and followed in Bobo v. State, 56 Ala.App. 622, 324 So.2d 336; and Smith v. State, Ala.Cr.App., 1977, 342 So.2d 422.
Under these cases, the evidence pertaining to the identity of the rifle in question was properly admitted.
We have carefully examined this record and find same to be free from error. This case is due to be and the same is hereby
AFFIRMED.
All the Judges concur.