McMillan, judge.
The appellant was indicted for the offense of murder and was found guilty of the lesser included offense of manslaughter. He was subsequently sentenced to ten years’ imprisonment.
At trial, the evidence presented indicated that during the course of a telephone conversation, the appellant became involved in an argument with his sister, Jo Ann Town-son, about her failure to pay him for a 1978 Ford LTD automobile that he had sold to her a year earlier. Shortly thereafter, the appellant went to the home of his sister and was met on the porch of her house by Billy Wayne Townson, the sister’s husband, who was the victim in this case. After hearing loud voices on the porch, Mrs. Townson came out onto the porch. At that time, the appellant demanded the money that she allegedly owed him pursuant to the car sale. Mrs. Townson told the appellant that another brother of hers, Ovell “Junior” Bethune, Jr., who was also present on the porch, was responsible for the debt owed to the appellant for the purchase of the car. The appellant began “shaking” a small pistol that he eventually put back in his pocket. Thereafter, Mrs. Townson asked the appellant to leave. During the course of the argument, Billy Wayne Townson had been standing on the porch, but he had not said anything or threatened the appellant in any manner. After Mrs. Townson asked him to leave, the appellant advanced toward her. Billy Wayne Townson then stepped in between them and threw the appellant off the porch. The appellant landed on his feet, pulled his gun, and shot Billy Wayne Townson, who later died as a result of the shooting. The evidence is uncontroverted that Billy Wayne Townson was not displaying a weapon at the time of the altercation. However, there was conflicting testimony as to whether the victim, after throwing the appellant off the porch, advanced toward the appellant.
The appellant and Ralph Wilkie, who had accompanied him to his sister’s house, both testified that the victim advanced toward the appellant after throwing him off the porch. However, Mrs. Townson testified that the victim did not advance toward the appellant prior to the time that appellant shot him. There was also conflicting testimony as to the physical strength of the victim. The brother of the victim, Bobby Townson, and the Captain of the Ider Rescue Squad, both testified that Billy Wayne Townson was not a man of superior physical strength. Bobby Townson testified that he had never known the victim to be involved in a fight. Appellant and Mrs. Townson testified that the victim was a strong man. Appellant testified that he *388 had previously pulled a knife on Billy Wayne Townson in an unrelated incident in which Townson allegedly was assaulting a 16-year-old boy; Townson grabbed a 2 x 4 before the appellant pulled the knife, the appellant said.
The appellant also testified that he had been involved in other serious altercations.
I.
The appellant claims that the jury verdict was contrary to the great weight of the evidence and the law. The appellant specifically argues that “[t]he jury cast aside reason and rationale when they found Larry Bethune guilty of manslaughter. Had the jury believed the great preponderance of the evidence, the defense would have mandated a verdict of ‘Not Guilty.’ ”
A self-defense claim is to be treated at trial as follows:
‘“* * * Ordinarily self defense is in the nature of an affirmative defense, and a question for the jury. But whether the state’s evidence, which is neither disputed nor contradicted, established self defense so as to make a killing justifiable homicide instead of murder or manslaughter is a question of law for the court.’
[[Image here]]
conflicting or of such a character that different inferences might reasonably be drawn therefrom, it is generally a question of fact for the jury to determine whether the accused acted in self-defense in a particular case, (cases cited) * * Only when all the evidence is undisputed and clear should a court dispose of a murder or manslaughter charge by acquittal without tendering the issue' of self-defense to the jury (cases cited). Rarely, then, is self-defense declared by law so as to bar the submission of the homicide offense altogether.” [Emphasis added.]’ ”
Lockett v. State, [Ms. 8 Div. 357, December 9, 1986] (Ala.Cr.App.1986), quoting State v. Thornton, 532 S.W.2d 37, 42-43 (Mo.App.1975).
“ ‘[E]ven if the evidence of self-defense is undisputed, the credibility of the defendant with respect to the evidence of self-defense is for the jury, and they may, in their discretion, accept it as true or reject it.’ ” Bean v. State, 492 So.2d 647, 650 (Ala.Cr.App.1986),[1] quoting Mack v. State, 348 So.2d 524, 529 (Ala.Cr.App.1977). Thus, in the present case, the issue of self-defense was properly before the jury and their decision will stand, as a jury conviction entered on conflicting evidence will not be disturbed on appeal. Ladd v. State, 489 So.2d 708, 717 (Ala.Cr.App.1986); Jeffers v. State, 455 So.2d 201 (Ala.Cr.App. 1984).
“ ‘Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. Bell v. State, 339 So.2d 96 (Ala.Cr.App.1976). A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust. Bridges v. State, 284 Ala. 412, 225 So.2d 821 (1969); Morton v. State, 338 So.2d 423 (Ala.Cr.App.1976). There is a presumption in favor of the correctness of the jury’s verdict, and when the trial judge declines to grant a new trial that verdict is strengthened on appeal. Tolliver v. State, 50 Ala.App. 654, 658, 282 So.2d 92 (1973).’ ”
Johnston v. State, 497 So.2d 844 (Ala.Cr.App.1986), quoting Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, 378 So.2d 1173 (Ala.1979).
Viewing the evidence in the light most favorable to the State, as is the duty *389 of this Court, Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.), aff'd, 471 So.2d 493 (Ala.1984); McMurphy v. State, 455 So.2d 924 (Ala.Cr.App.1984); Nichols v. State, 462 So.2d 992 (Ala.Cr.App.1984), the jury could have found that the appellant participated in a family argument and, when thrown from the porch, shot his unarmed brother-in-law. We do not find that the jury’s verdict was unjust or contrary to the preponderance of the evidence.
II.
The following dialogue transpired at trial during the prosecutor’s direct examination of Jo Ann Townson:
“Q. At the time, Jo Ann, that Larry shot Wayne, was Wayne threatening Larry in any way?
“[Defense Counsel]: We object to that, that calls for a mental conclusion as to another’s mentality.
“[District Attorney]: I didn’t ask if he was thinking about it.
“[Defense Counsel]: That's what he was doing, but threatening is something that’s in the eye of the threaten-er or the person being threatened. She was an innocent bystander. She can testify to what he was doing. “The Court: Overruled, I’ll allow it.-
“Q. Was Wayne threatening Larry in any way, Jo Ann?
“[Defense Counsel]: Renew our objection for the record.
“The Court: Overruled, you may answer the question.
“A. No.”
Although the defense counsel’s objection at trial was made on the basis that the question was a request for speculation or opinion evidence, on appeal he argues that this testimony was an introduction of the victim’s good character by the prosecution without the defense having first attacked the victim’s character.
“We note initially that specific objections are necessary to preserve error. Gibbs v. State, 342 So.2d 448 (Ala.Cr.App.1977). Specific grounds of objections waive all grounds not specified, and the trial court will not be put in error on grounds not assigned. Hargrove v. State, 344 So.2d 823, 825 (Ala.Cr.App.), cert. denied, 344 So.2d 826 (Ala.1977). The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issues involved. Bland v. State, 395 So.2d 164, 168 (Ala.Cr.App.1981). A trial court need not east about for tenable grounds of an objection to evidence. Watkins v. State, 219 Ala. 254, 122 So. 610 (1929).”
Wyrick v. State, 409 So.2d 969, 974 (Ala.Cr.App.1981). See also Allen v. State, 472 So.2d 1122 (Ala.Cr.App.1985).
Furthermore, the questions asked by the prosecution were not an attempt to elicit testimony concerning the victim’s good character, nor did the witness’s testimony address his character. “It is clear to this court that the witness testified solely as to what she observed. Hence, no error occurred here.” Ladd v. State, 489 So.2d 708, 711 (Ala.Cr.App.1986) (wherein the defense counsel objected at trial on the basis that the prosecutor’s questions of the witness called for a conclusion).
AFFIRMED.
All the Judges concur.

. In Bean v. State, 492 So.2d 647 (Ala.Cr.App.1986), the defendant intervened in a family quarrel to protect his sister and, in so doing, shot his brother-in-law. The defendant claimed that he was defending his sister and that the "State failed to prove a prima facie case of murder" because he was not guilty by reason of self-defense. Id. at 650.