TYSON, Judge.
Following the remandment of this cause for a hearing, with counsel present, on the merits of the appellant’s Youthful Offender Petition, the trial court then proceeded in accordance with the mandate of this court, and has sent this court a return to the remand showing full compliance.
I
The record as shown in the return discloses that a hearing was conducted in the district court under the directions of the circuit court requiring an investigation by the probation officer and report to the district court.
The order of the circuit court discloses that the district court did in fact advise Kelley Tatum in open court, prior to trial, of his right to be tried as a youthful offender and Tatum waived this right and did not request youthful offender treatment. The return as filed in this court discloses that Kelley Tatum was fully advised of his rights under the Alabama Youthful Offender Act, and waived same. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975) and Cooks v. State, 55 Ala.App. 537, 317 So.2d 504 (1974).
II
We will now review the merits of Tatum’s original appeal.
The indictment for first degree assault for which the appellant was tried and convicted grew out of an offense which occurred on July 1, 1980 between the appellant and one Greg Bolling. The record discloses that Tatum and Bolling were both employees of Aesco Steel Company, located in Oxford in Calhoun County, Alabama. The two men fought over the use of a cutting torch and Tatum sustained a cut lip as a result of the fight. After the fight was over, the appellant later went to his automobile and obtained a shotgun and some shells from his car and returned to the plant.
Tatum followed Greg Bolling and one Greg Jennings, another co-worker who had helped separate the two men, and encountered them near the plant foreman’s office. Tatum then loaded the shotgun, pushed open the office door and shot Bolling, wounding him in the head. Tatum then left the plant, got into his automobile and *954 drove away. About eight o’clock that evening appellant, Tatum, accompanied by his attorney, surrendered himself to the Oxford police.
The appellant, through his own witnesses, sought to contradict the testimony of the victim, Greg Bolling, and other state witnesses. The trial court overruled the appellant’s motion to exclude the state’s evidence in this cause. The state did properly present a prima facie case against the appellant. Section 13A-6-20 and Section 13A-6-21, Code of Alabama, 1975 as amended. Baldwin v. State, 342 So.2d 940 (Ala.Cr.App.1977) and Smith v. State, 344 So.2d 213 (Ala.Cr.App.1977) and authorities therein cited. The ten year sentence of the appellant was proper.
This judgment is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.