HARRIS, Judge.
Paul Edward Murry was indicted by the Montgomery County Grand Jury for the attempted murder of Tony Burks, a police officer for the City of Montgomery. After a jury trial, the appellant was found “guilty as charged” and was sentenced to life imprisonment.
This case arises out of the same set of facts as found in Murry v. State, 455 So.2d 53 (Ala.Cr.App.1983), in which this court affirmed the appellant’s capital murder conviction and sentence of death for the murder of Montgomery Police Officer Mary Pearl McCord, Officer Burks’ police partner.
Officer Burks and Officer McCord were acting as undercover officers in the Vice and Narcotics Division of the Montgomery Police Department on January 5, 1982. They had been partners about two months and Officer McCord, a new police officer, was still undergoing training. On this particular day, both officers were dressed in plain street clothes and were driving in an unmarked police vehicle.
Officer Burks decided to drive down Traction Avenue, an area in the city of Montgomery where drug transactions were known to take place, to show Officer McCord the area. As they were driving slowly along Traction Avenue at about 6:00 p.m. that day, they saw a crowd of people on the right side of the street disperse immediately upon seeing their car. After passing the spot where the crowd once stood, they came upon a black male standing behind a parked car and holding several brown bags. He motioned for them to stop. Upon seeing this, Officers Burks and McCord remarked to each other that they “couldn’t believe this guy was trying to sell some drugs in a police car.” Officer Burks drove past the black male, stopped his car and backed up the car.
Officer McCord then got out of the unmarked car on the passenger side and said to appellant, “I can’t believe you’re trying to sell us some drugs in a police car. And you’re under arrest for possession of drugs.”
Officer Burks then got out of the car and observed Officer McCord and appellant with their guns drawn. Appellant turned toward Officer Burks and stated he would shoot Officer McCord if he (Burks) tried to shoot him. Officer Burks then drew his weapon and told appellant he was an investigator with the Montgomery Police Department and they had to “take him down.”
Soon thereafter while appellant was not looking, Officer Burks grabbed appellant’s wrist and a shot was fired. This shot, however, missed appellant and both officers. Appellant grabbed Officer Burks’ gun with his left hand. Officer McCord started backing away as appellant and Burks struggled. Several shots were fired by appellant and one by Officer Burks. Officer Burks yelled for Officer McCord to shoot but she never did. Appellant told Burks he was going to take him to a wooded area. Officer Burks then tripped appellant who lost his gun as he fell.
Officer Burks then began to run toward the unmarked car to get a shotgun, but before he got there, he was shot in the back. He fell behind appellant’s car, remaining conscious, and saw appellant run to a brown house nearby. Appellant returned and as he stood over Officer Burks, asked, “MF, you ain’t dead yet?” Appellant then dropped a gun at Burks’ feet, grabbed something off the ear trunk and ran back to the brown house. Officer Burks crawled to the police car, saw Officer McCord, who was unable to talk, on the *84 driver’s side, and radioed for help. Officer Burks was shot in the wrist and in the lower back.
Appellant testified that he had gone to Traction Avenue on January 5, 1982, to do some gambling. He had just gotten his pistol out of the glove compartment to put in the car trunk when the officer’s patrol car drove up. Appellant stated that Burks jumped from the car with his pistol drawn. Appellant stated that he thought he was about to be robbed.
Appellant testified that he struggled with Officer Burks, and, during their struggle, they both fell to the ground. Upon falling to the ground, both men broke apart and Officer Burks got up and ran. Appellant admitted shooting Officer Burks in the back as he ran away. Appellant stated that neither Officer Burks nor Officer McCord ever told him they were police officers.
Appellant contends that the State’s evidence failed to establish a prima facie case of attempted murder. He argues that the State failed to prove beyond a reasonable doubt that he did not act in self-defense.
After reviewing the record, we find that no motion for acquittal was made either at the conclusion of the State’s evidence, at the conclusion of all the evidence or within thirty days after pronouncement of sentence.[1] No motion for new trial was ever made. We also note that the sufficiency of the evidence was not challenged by a motion to exclude, a request for an affirmative charge, or a motion for directed verdict. Due to the absence of said motions, the issue concerning the sufficiency of the State’s evidence is not preserved for appellate review. Miller v. State, 423 So.2d 1377 (Ala.Cr.App.1982).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs with opinion in which SAM TAYLOR, J., joins.

. The comment to A.R.Crim.P. Temp. 12 which became effective March 1, 1982, states that a motion for judgment of acquittal subsumes the motion for directed verdict, the motion for affirmative charge, and the demurrer to the evidence, which are abolished by this rule.