McMILLAN, Judge.
This appeal follows a conviction for the offense of receipt of stolen property in the second degree, in violation of § 13A-8-18, Code of Alabama (1975), and sentence of twenty years’ imprisonment as a habitual offender. For the reasons outlined below, we affirm.
The sole issue raised by this appeal concerns the propriety of a jury instruction given by the trial court. According to the appellant, a separate jury charge, requested by the State, was given after the trial court had completed its initial charging of the jury. The appellant argues that this *1329 placed an “undue emphasis” on the charge and “resulted in prejudice to [him].” According to the appellant, the jury instruction was “misleading” because it was “given separately from the bulk of the court’s jury charges” and because it was the “last charge that the jury was given before they retired.”
From a review of the record, it is apparent that the appellant’s argument has no merit. After the trial court had completed its initial charging of the jury, a bench conference was conducted for the purpose of determining whether any jury instructions had been omitted or “overlooked.” The State’s attorney pointed out to the court that evidence had been presented at trial which warranted an additional charge on “aiding and abetting” and complicity. Defense counsel responded that he had “nothing further” to present to the jury by way of jury charges, and the bench conference was concluded.
The trial court then gave additional instructions to the jury on the theory of “aiding and abetting,” as it applied to the facts of the case. Before giving the additional instruction, however, the trial court stated as follows:
“THE COURT: If one or more persons — don’t let the fact that I’m reading this to you at this stage make you think it has any more importance than anything I have said. It’s just something I overlooked and it’s been called to my attention.” (Emphasis added.)
After the completion of the court’s additional instructions, out of the presence of the jury, the following exception was taken:
“[Defense counsel]: Judge, purely for the record, I would object to you giving [the State’s attorney’s] requested charge dealing with the accomplice because I feel it gave that individual charge too much emphasis, prejudicial.”
The court replied “Thank you”; the jury was allowed to begin its deliberations; and a verdict of guilty was returned against the appellant.
Contrary to the appellant’s position, it is not apparent that the additional jury charge in any way prejudiced the appellant. Additionally, it is not apparent that the “timing” of the jury charge in some way gave the charge “too much emphasis.” Even assuming, arguendo, that the charge could have been potentially unduly emphasized, the trial court prospectively guarded against any possible prejudice by its preliminary remarks to the jury that the requested charge had simply been “overlooked” and should not have “any more importance than anything I have said.” Taken as a whole, the additional jury charge was not overemphasized and there was no prejudice to the appellant as a result. Tyree v. State, 439 So.2d 1346, 1349 (Ala.Cr.App.1983).
Appellant also argues that the requested charge was argumentative and constituted an incorrect statement of the law. As the State’s attorney points out in his brief, however, this specific objection was not brought to the attention of the trial court. “A defendant is bound by the grounds of objection he stated at trial and may not expand those grounds on appeal.” Davis v. State, 440 So.2d 1191, 1194 (Ala.Cr.App.1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). Any additional objections to the charge have been waived for purposes of appeal because they were not presented at the trial court level. Miller v. State, 405 So.2d 41, 49 (Ala.Cr.App.1981).
AFFIRMED.
All the Judges concur.